# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# MONROE DIVISION

| | |
|---|---|
| **RONNIE LEE FLEMING**<br>**aka STEVEN RONNIE FLEMING**<br>**LA. DOC #499987**<br>**VS.** | **CIVIL ACTION NO. 08-0563**<br><br>**SECTION P**<br><br>**JUDGE JAMES** |
| **JIMMY SHIVERS, WARDEN** | **MAGISTRATE JUDGE HAYES** |

## REPORT AND RECOMMENDATION

Ronnie Lee Fleming, also known as Steven Ronnie Fleming, is a prisoner in the custody of Louisiana's Department of Public Safety and Corrections (LDOC). He is presently incarcerated at the Allen Corrections Center, Kinder, Louisiana; however, on April 21, 2008, the date he filed the instant petition for *habeas corpus*, he was housed at the Morehouse Parish Detention Center, Talullah, Louisiana. He seeks *habeas corpus* relief with regard to the resolution of various criminal charges pending in six Texas counties which have resulted in the issuance of detainers by those jurisdictions. For the following reasons it is recommended that the petition be **DISMISSED WITHOUT PREJUDICE.**

### Statement of the Case

Petitioner is an inmate in the custody of the LDOC serving a seven year sentence for forgery. He claims that six counties in Texas (Upshur, Johnson, Angilina, Anderson, Tarrant and Gregg) have lodged detainers with the LDOC indicating their desire to prosecute petitioner upon the completion of his Louisiana sentence. On November 6, 2007, plaintiff corresponded with Beth Florentine, an official with the LDOC. He advised her that the Texas detainers prevent him from participating in programs available to other LDOC inmates. Citing the Interstate Agreement

on Detainers Act (Pub. L. 91-538 Sec. 1, 12/9/70, 84 Stat. 1397), petitioner requested Florentine to forward his letter, his master prison record, and an offer of temporary custody to the prosecuting authorities in Texas. According to petitioner, no response was forthcoming from either Ms. Florentine or the authorities in Texas.

On January 7, 2008, plaintiff corresponded with LDOC Secretary James LeBlanc and again, citing the Interstate Agreement on Detainers Act, requested him to forward this " ... formal request for final disposition of all untried charges for which detainers have been lodged ..." to the various agencies in Texas. According to plaintiff, he received no response from Secretary LeBlanc. On the same date, plaintiff mailed requests for final disposition to the authorities in Texas. The authorities in Smith County responded and advised petitioner that no charges were pending against him in their jurisdiction. He has not yet received a response from the other counties.

On February 6, 2008, he submitted his request to Warden Shivers at Morehouse Parish Detention Center. He asked the Warden to forward his request to the authorities in Texas.

On April 9, 2008, he filed his *habeas* petition in this court.

### *Law and Analysis*

 Petitioner seeks *habeas corpus* relief pursuant to the provisions of 28 U.S.C. § 2241. Under the explicit terms of that statute, relief is available only for persons who are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). To the extent that he faults Louisiana officials for failing to comply with the provisions of the Interstate Agreement on Detainers, he has failed to state a claim for which relief may be granted. While it is true that the statute in question is a "law of the United States," [see *Carchman v.*

*Nash*, 473 U.S. 716, 719, 105 S.Ct. 3401, 3403, 87 L.Ed.2d 516 (1985); *Cuyler v. Adams*, 449 U.S. 433, 438-442, 101 S.Ct. 703, 706-709, 66 L.Ed.2d 641 (1981)],  it is also true that Louisiana has not adopted the Agreement. See *Dickerson v. State of Louisiana*, 816 F.2d 220 (5th Cir. 1987).[1] Therefore, to the extent that petitioner challenges his custody in Louisiana as being in violation of the laws of the United States based on the alleged failure of his Louisiana custodians to adhere to the provisions of the Interstate Agreement on Detainers, such a claim is without a basis in fact or law.

Read liberally, the petition may also be interpreted as a challenge to the validity of the detainers issued by the six Texas counties.  A prisoner in custody in one state against whom another state has a detainer may attack the interstate detainer by applying for federal *habeas corpus*. *Gibson v. Klevenhagen*, 777 F.2d 1056, 1058 (5th Cir.1985) (citing *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, at 488-89, 93 S.Ct. 1123, 1126, 35 L.Ed.2d 443  (1973)).

Since petitioner is confined within the territorial jurisdiction of this court, but challenges the validity of detainers which have been lodged against him by various Counties in the State of Texas, both this court and its counterpart in Texas have concurrent jurisdiction over the petition. The Supreme Court in *Braden* addressed the jurisdiction and venue of the federal district court in a similar situation and concluded that although the federal district court in the district of confinement may exercise concurrent jurisdiction, the district of confinement will not ordinarily prove as convenient as the district court in the State which has lodged the detainer. *Braden*, 410

---

[1] A review of the Louisiana statutes, jurisprudence,  and administrative code further indicates that Louisiana has not adopted the Interstate Agreement on Detainers.

U.S. at 499, 93 S.Ct. at 1131, n. 15.  Since  witnesses and evidence relating to petitioner's

challenge to the Texas detainers are located in the State of Texas,  the appropriate United States

District Courts in Texas are clearly the more convenient fora to consider the issues raised in

petitioner's *habeas corpus* petition. Further, as noted in *Braden*, it would not be appropriate for

the State of Texas to be required to defend its action in Louisiana and to preclude resolution of

the dispute by a federal judge familiar with the laws and practices of Texas. *Braden*, 410 U.S. at

499, 93 S.Ct. At 1132.

Ordinarily, transfer of a *habeas corpus* petition to the more convenient forum would be

appropriate (see 28 U.S.C. §1404(a)); however, in this case, more than one forum may be

appropriate.[2]  Further, before petitioner may attack the validity of the Texas detainers, he must

demonstrate exhaustion of  all remedies available through the courts of Texas. See *Braden*, 410

U.S. at 490, 93 S.Ct. at 1127; see also, *Gibson v. Klevenhagen*, 777 F.2d at 1058.  Petitioner

indicates that he has presented his claim to the charging state's highest court [see doc. 1, ¶5(a)];

however, that allegation is of doubtful validity.  Nevertheless, that is an issue for the appropriate

federal district court in Texas to decide should petitioner continue to pursue his *habeas* claims.

Therefore,

**IT IS RECOMMENDED** that the instant petition for writ of *habeas corpus* (28 U.S.C.

§2241) be **DISMISSED WITHOUT PREJUDICE** to petitioner's right to re-file his claims in

---

[2] As noted above, petitioner contends that detainers have been issued by the authorities in six different
Texas counties. These six counties are located in both the Eastern and Northern Districts of Texas in various
divisions – (1) Upshur County is located in the Marshall Division of the United States District Court for the Eastern
District of Texas; (2) Angelina County is located in the Lufkin Division of the Eastern District of Texas; (3)
Anderson and (4) Gregg Counties are located in the Tyler Division of the Eastern District of Texas; (5) Johnson
County is located within the Dallas Division of the Northern District of Texas and (6) Tarrant County is located in
the Fort Worth Division of the Northern District of Texas.

the appropriate federal district courts in Texas.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglass v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, July 14, 2008.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE